UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAHAMA CLUB, INC.,

      Plaintiff,

v.                                                            Case No.:  2:25-cv-209-SPC-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

      Defendant.

_____/

**<u>OPINION AND ORDER</u>**

      Before the Court is Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss. (Doc. 22). Plaintiff Bahama Club, Inc. responded (Doc. 23), and Defendant replied (Doc. 26). The motion is ripe for review.

      This breach-of-contract action arises from flood damage Plaintiff's property sustained during Hurricane Ian.  Plaintiff is a condominium association.  The subject condominium consists of eight residential buildings. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP").  Defendant issued Plaintiff twelve different Standard Flood Insurance Policies ("SFIP"), effective during the time of loss, to cover Plaintiff's various buildings.  Plaintiff submitted a claim under each of the twelve policies for its alleged flood damages.  (Doc. 9).

According to Defendant, between March and June 2023, it sent letters to Plaintiff partially denying ten of the twelve claims. (Doc. 22-2). Plaintiff filed this action in February 2025, and Defendant removed it here a month later. (Doc. 1). Defendant moves to dismiss ten of Plaintiff's twelve breach-of-contract claims as barred by the SFIP's one-year statute of limitations.[1] In response, Plaintiff argues that the letters were not proper denials to trigger the statute-of-limitations period.

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant argues its ten denial letters issued between March and June 2023 constituted partial disallowances that triggered § 4072's one-year limitation period. And because Plaintiff filed suit in February 2025, the argument goes, ten of its twelve claims are time-barred. The Court finds § 4072 bars seven of Plaintiff's claims; the rest survive.

The Court begins with the time-barred claims: Plaintiff's breach-of-contract claims under policy numbers ending in 6601, 6437, 6433, 6501, 6445, 6434, and 6801. "To determine whether a letter is a partial written denial,

---

[1] Aside from breach of contract, Plaintiff brings a claim for declaratory relief (count II) (Doc. 9), which Defendant also moves to dismiss (Doc. 22). Plaintiff agrees to dismiss this claim. (Docs. 21, 23 at 3–4). So the Court dismisses count II, and only the breach-of-contract claim remains. Plaintiff also agrees its claim for interest and attorney's fees and its jury-trial demand are improper. (Doc. 21). So they are stricken from the complaint.

courts closely examine the letter's content." *Palmer v. Selective Ins.*, No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024) (citation omitted). "A letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." *4922 Mgmt. LLC v. Selective Ins.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *2 (M.D. Fla. Feb. 6, 2025) (citation omitted).

The letters partially disallowing Plaintiff's claims under these seven policies are practically identical. Each letter begins by explaining the portion of Plaintiff's claim that is covered. The letters then explain that Plaintiff's adjuster advised that Plaintiff sought coverage for additional uncovered items, identifies the claimed uncovered items, explains why the items are not covered, explicitly states that Defendant "den[ies] your flood claim for these items pursuant to the SFIP," and then cites the relevant policy language. (Doc. 22-2 at 1, 4, 12, 15, 18, 25, 32). Each letter also includes a Policyholder Rights form, which advises Plaintiff of its right to appeal or file a lawsuit after its claim is denied. This was "sufficient to put [Plaintiff] on notice that a part of [its] claim has been disallowed[.]" *4922 Mgmt. LLC*, 2025 WL 417701, at *2 (citations omitted). So these seven denial letters, issued between March and June 2023, triggered § 4072's one-year limitation period. And because Plaintiff filed suit over a year later, these seven claims are time-barred.

Plaintiff's arguments in opposition are unpersuasive. It first argues these letters were not proper disallowances to trigger the one-year limitation period because they do not comply with FEMA Bulletin W-17013a and the NFIP Claims Manual. These sources outline several items that SFIP insurers must include in a denial letter, some of which Plaintiff claims are missing. But the Court has rejected this same argument. *See Caruso v. First Protective Ins.*, No. 2:24-CV-615-SPC-KCD, 2025 WL 448953, at *2–3 (M.D. Fla. Feb. 10, 2025). As in *Caruso*, Plaintiff "cite[s] no authority suggesting a failure to comply with FEMA Bulletin W-17013a or the NFIP Claims Manual renders a denial letter insufficient to trigger § 4072's one-year limitation period[.]" *Id.* at *3. So the Court rejects the argument here as well.

Plaintiff next argues that the letters were not proper disallowances because they failed to comply with FEMA Bulletin W-22012. In this October 6, 2022, Bulletin, FEMA requires NFIP insurers to evaluate and pay claims arising from Hurricane Ian based on an unsigned adjuster's report rather than a proof of loss. *See* FEMA Bulletin W-22012. And it mandates that, when issuing payment based on the adjuster's report, the NFIP insurer must provide the policyholder with (1) a copy of the adjuster's report; (2) if the payment is less than the adjuster's report, a written explanation of the difference; and (3) a template letter. *Id.* Plaintiff argues that despite the Bulletin's requirement, Defendant's letters did not include a copy of the adjuster's report or an

explanation as to why the payments were less than the adjuster's report.[2] Thus, in Plaintiff's view, the letters were not valid denials.

Plaintiff's argument makes little sense. The Bulletin outlines the requirements for *issuing payment*, not for denying coverage. If Plaintiff wants to return the proceeds Defendant issued because the payment was not properly distributed, it is free to do so. Otherwise, Defendant's supposed failure to follow payment protocol does not support Plaintiff's position that the claims were not properly denied.

Plaintiff next observes that Defendant accepted and paid the adjuster's report in its entirety. So, in Plaintiff's view, "because the estimate submitted by the adjuster was paid in its entirety, it was therefore *accepted* in its entirety and not *denied* to any extent." (Doc. 23 at 8) (emphasis original). This argument is nonsensical. Defendant's acceptance or denial of the adjuster's report is irrelevant. Section 4072 turns on an insurer's denial of a policyholder's *claim*. 42 U.S.C. § 4072. In fact, by accepting the adjuster's report, Defendant inherently denied Plaintiff's claims. Each of the seven letters explain that Plaintiff's adjuster advised that Plaintiff sought coverage for certain *uncovered* items. By accepting the adjuster's reports, Defendant

---

[2] Oddly, Plaintiff later concedes that Defendant accepted the adjuster's reports in full, so no explanation as to why the payments were less than the adjuster's reports was needed. (Doc. 23 at 8).

accepted the adjuster's opinion that some of Plaintiff's claimed damages were not covered by the SFIP. Thus, Defendant partially denied Plaintiff's claims. The letters explain all of this.

Finally, Plaintiff argues that because Defendant failed to provide it "with a clear and unequivocal denial letter," Plaintiff was not on notice that its claims were being denied, which violates its constitutional due process rights. Notwithstanding Plaintiff's failure to support this argument with any authority, the argument is easily rejected because, as discussed above, the seven letters sufficiently put Plaintiff on notice that part of its claims had been disallowed. So the due-process argument falls flat.

Because Plaintiff failed to file suit within one year of the denial letters, Plaintiff's claims are time-barred and dismissed as to its breach-of-contract claims under policy numbers ending in 6601, 6437, 6433, 6501, 6445, 6434, and 6801.

The Court turns now to the three letters that do not bar Plaintiff's claims. First is the letter partially denying Plaintiff's claim under policy 6436. Although the letter's language no doubt constitutes a partial disallowance, the letter is dated April 12, 2024. (Doc. 22-2 at 22). Thus, Defendant issued this letter less than a year before Plaintiff filed suit. Although the April 2024 letter references a prior denial letter issued in April 2023 (Defendant seems to reference this same letter in its motion), the April 2023 letter is not before the

Court.  And without reviewing its contents, the Court cannot determine whether it constituted a partial disallowance.  So Plaintiff's claim under policy 6436 survives, at least for now.

The two remaining letters—pertaining to policy numbers 6441 and 1990—never triggered the one-year limitations period.  Nothing in either letter (which are practically identical) suggests Defendant disallowed or partially disallowed Plaintiff's claims.  The closest hint of a disallowance is the statement in both letters that: "The invoice submitted by ServiceMaster was not accompanied by properly completed drying logs and daily moisture readings.  Therefore, we have issued payment for drying according to Method 2 of FEMA Bulletin W-13205a.  This Bulletin provides claims guidance when drying services are performed."  (Doc. 22-2 at 28, 35).  But this statement does not suggest Defendant disallowed Plaintiff's claimed coverage for the drying process.  To the contrary, it confirms Defendant "issued payment for drying" but utilized an alternative method of doing so.  So these letters did not trigger the one-year limitation period.

That said, the conclusion that the letters for policy numbers 6441 and 1990 are not denial letters raises a ripeness concern.[3]  Before an insured can

---

[3] Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  "If a claim is not ripe, the district court lacks jurisdiction

file suit for breach of an SFIP, the insurer must have issued a written denial. *See Cohn v. First Protective Ins.*, No. 2:24-CV-842-SPC-KCD, 2024 WL 5202784, at \*1 (M.D. Fla. Dec. 23, 2024) ("And, at bottom, a suit alleging a breach of the SFIP is not ripe until the insurer issues a written denial."). Because the letters regarding policy numbers 6441 and 1990 that Defendant submitted are not written denials, the question remains: when did Defendant issue a written denial that would give rise to Plaintiff's claims under these policies?  Without such denials, these claims are premature and must be dismissed without prejudice.  *See Rosenberg v. First Protective Ins.*, No. 2:24-CV-752-SPC-NPM, 2025 WL 404666, at \*1 (M.D. Fla. Feb. 5, 2025) (dismissing breach of SFIP claim as unripe because the plaintiffs failed to produce a denial letter).  Until this issue is resolved, the Court is uncertain whether Plaintiff's breach-of-contract claims under policy numbers 6441 and 1990 are ripe.

One more point.  Although Plaintiff alleges Defendant breached twelve distinct policies, it pleads all twelve breaches in a single count.  This is not ideal.  For ease of reference, Plaintiff must file an amended complaint with a separate breach-of-contract claim for each of the remaining policies that it alleges Defendant breached.

Accordingly, it is now **ORDERED:**

---

to issue a ruling on the merits and therefore must dismiss that claim without prejudice."  *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009).

Defendant's Motion to Dismiss (Doc. 22) is **GRANTED in part.**

1. Plaintiff's breach-of-contract claims related to policy numbers ending in 6601, 6437, 6433, 6501, 6445, 6434, and 6801 are **DISMISSED with prejudice.**

2. Plaintiff's claim for declaratory relief (count II) is **DISMISSED with prejudice**.

3. Plaintiff's claim for interest and attorney's fees and its jury-trial demand are **STRICKEN**.  Plaintiff must omit these claims from its forthcoming amended complaint.

4. On or before **June 5, 2025**, Plaintiff must provide the denial letter that it believes establishes its breach of SFIP claims for policy numbers 6441 and 1990.  Alternatively, it may omit these claims from its forthcoming amended complaint.

5. On or before **June 5, 2025**, Plaintiff must file an amended complaint as outlined above.

6. **Failure to comply with this Order will result in this case being dismissed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record